UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------

REGINALD L. THOMAS
1925 D. St., NE
Washington, DC 20002

      Plaintiff,

v.                                                        Civil Action No.

MICHAEL CHERTOFF, Secretary
DEPARTMENT OF HOMELAND SECURITY
Washington, D.C. 20528

      Defendant.
-------------------------------------------------------

## COMPLAINT

1. Plaintiff is a 58 year old African American male who has been employed with defendant as a Police Officer for some 34 years. Plaintiff claims damages because of race discrimination when the defendant involuntarily reassigned Plaintiff from his regular supervisory position as Lieutenant, supervising police officers, to the Administrative Section in October 2004 and then involuntarily reassigned him again in January 2005 to the Suitland Mega-Center on a permanent basis. Complainant lost more than $40,000 per year in lost overtime opportunities and shift premium payments by this involuntary reassignment. Stephen Dade, the Caucasian officer who made the decision to involuntarily reassign Plaintiff on these two occasions, offered pretextual reasons for doing so, demonstrating that the real reason was race discrimination. Plaintiff brings this action against his employer alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et. seq., as amended.

2. Jurisdiction of this Court is provided under 42 U.S.C. Secs. 2000e-16.

1

3. Venue in this district is appropriate because the acts of discrimination all occured in the District of Columbia.

4. Plaintiff timely filed a complaint of discrimination with the EEOC and commences this action after more than 180 days has elapsed without the Agency issuing a final agency decision on his complaint.

## PARTIES

5. Plaintiff, Reginald L. Thomas, is a resident of the District of Columbia and is a citizen of the United States.

6. Defendant, Michael Chertoff, is the Secretary of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. He is responsible for all personnel actions taken by the Agency and is being sued only in his official capacity here.

## FACTS

7. Plaintiff, Reginald Thomas, has worked for defendant Homeland Security or its predecessor, GSA, for some 34 years. Throughout those many years, he regularly received outstanding performance evaluations, and was promoted from GS-4 FPS Officer to Sergeant in 1984 and then Lieutenant in 1991.

8. After a reorganization in early 2004, Stephen Dade (Caucasian) was made Director over the District of Columbia facilities. Plaintiff had little contact with Director Dade in carrying his day to day responsibilities. He was therefore surprised when Mr. Dade sent he and another black officer (Cpt. Simms) an email accusing them of "messing up" by refusing to follow procedures when going through hazmat exercises several months earlier. Dade was not even working at the facility at the time. Plaintiff

sent back a response to the email stating that he did not know what Director Dade was talking about and could he explain the accusations against him more fully so he could reply. Dade sent back a response stating that he would investigate the incident further and get back to him. Plaintiff never heard from Dade again regarding these accusations.

9. In October 2004, Director Dade involuntarily reassigned both Plaintiff and Cpt. Simms to the Administrative Section without explanation. Plaintiff lost shift premium and overtime because of the reassignment and promptly initiated an EEO complaint over the reassignment. Director Dade admitted during the informal counseling stage of the EEO complaint that the reassignment was motivated by his feeling that Plaintiff did not display the right leadership skills and was intended as an adverse action. Director Dade never explained what it was that Plaintiff had done which displayed poor leadership skills.

10. In late January 2005 Director Dade again involuntarily reassigned Plaintiff and Cpt. Simms to the Suitland Mega-Center on a permanent basis. Again Plaintiff lost overtime opportunities because of this adverse action and was not permitted to work overtime opportunities when all the other officers from his old unit were assigned overtime. Plaintiff specifically requested to be given the opportunity to work overtime in his former unit, but was told by his supervision that Director Dade made clear that he was only permitted to work at the Mega-Center.

11. During the investigation of Plaintiff's EEO claim, Director Dade testified that the first time he had any contact with Plaintiff, he greeted him in the hallway and that Plaintiff did not return the greeting. Plaintiff denies that he ever intentionally refused to return the greeting of Director Dade and denies that any such incident ever occurred. Director Dade also claims that he was told by other officers that Plaintiff was a poor

leader and was moody. Plaintiff's performance evaluations as a Lieutenant demonstrate that these claims are also false.

12. Plaintiff suffered greatly by being involuntarily reassigned from the Lieutenant position that he had worked in for more than a decade and which he enjoyed to an administrative section position where he was assigned almost no duties to perform and where he had to look for things to do to keep active. Plaintiff also suffered from not knowing the reasons that he and Cpt. Simms were being jettisoned in this manner, other than knowing that it was done because he had fallen out of the good graces of Director Dade for some reason. Plaintiff suffered financial losses as well since the two involuntarily reassignments led to his losing more than $40,000 per year in overtime, shift differential and other benefits that he enjoyed in his regular supervisory position. Plaintiff requested of his supervision to be allowed to work overtime in his old section but was told by his supervision that Director Dade left specific instructions that Plaintiff was only allowed to work out of the Suitland Mega-center, where minimal overtime was permitted.

## CLAIMS

### I. DEFENDANT'S INVOLUNTARILY REASSIGNMENTS OF PLAINTIFF MOTIVATED BY RACE DISCRIMINATION

13. Defendant's involuntary reassignment of Plaintiff, which caused Plaintiff great financial loss, was motivated by race discrimination. Defendant had no valid business justification for making the involuntary transfer and the reasons that Director Dade has offered for doing so are pretextual, in order to conceal his true discriminatory motivation.

4

## REQUEST FOR RELIEF

Plaintiff respectfully requests this court to grant him the following relief to redress the harm done him through race discrimination:

1. Direct that the Defendant reinstate him to his regular supervisory position with full backpay, seniority and benefits, including lost overtime and shift premium pay;

2. Direct that Defendant remove from Plaintiff's personnel files any reference to his being involuntarily reassigned for disciplinary reasons or for alleged poor leadership skills.

3. Direct that Plaintiff be awarded compensatory damages to compensate him for the great pain, humiliation and anxiety this racially discriminatory act caused him;

4. Direct that Plaintiff be reimbursed for costs and reasonable attorneys fees for having been forced to bring this action to secure his rights under Title VII;

5. Direct such other relief as this court deems necessary to make Plaintiff whole and to undo the harmful effects of discrimination against Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial with regard to all issues that he is entitled to a jury trial under law.

Respectfully submitted,

/s/ James L. Kestell
FOR THE PLAINTIFF.
James L. Kestell   DC955310
Michael P. Deeds DC 466815
Kestell & Associates
209 Midvale Street
Falls Church, VA 22046-3510
(703) 237-2912
Fax (703) 237-4321

4/06-1862
JDB

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Reginald L. Thomas

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__
(EXCEPT IN U.S. PLAINTIFF CASES) 11001

**DEFENDANTS**

Michael Chertoff, Secretary
Dept. of Homeland Security

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Kesteil & Assoc, 209 Midvale St.
Falls Church, VA 22046   7032372791

CASE NUMBER   1:06CV01862

JUDGE: John D. Bates

DECK TYPE: Employment Discrimination

DATE STAMP: 11/01/2006

**JURY ACTION**

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ Federal Question (U.S. Government Not a Party)
☒ U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP FOR PLA...**

| | | | | | |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**
☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Race discrim in employment under 42 USC §2000e et seq (Title VII 1964 of Civ Rts Act)

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ Continuing    Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.

DATE 11/1/06   SIGNATURE OF ATTORNEY OF RECORD *Michael Welsh*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.