UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD L. THOMAS, )<br>)<br>Plaintiff )<br>)<br>) <br>v. )<br>)<br>MICHAEL CHERTOFF, SECRETARY )<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-1862 (JDB) |

## JOINT RULE 16.3 REPORT

Pursuant to Local Civil Rule 16.3(d), the parties report to the Court concerning the matters in Rule 16.3(c). The parties' proposals are set forth below in the same order in which the matters are listed in LCvR 16.3(c).

**1.  Whether the case is likely to be disposed of by dispositive motion.**

There have been no dispositive motions filed in this case thus far. Plaintiff does not believe that this case can be disposed of by motion. At the conclusion of discovery, Defendant intends to move for summary judgment.

**2.  The date by which any other parties shall be joined or the pleadings amended.**

The parties do not anticipate joining any other parties.

**Whether some or all of the factual and legal issues can be agreed upon or narrowed.**

Whether some of the factual and leal issues can be agreed upon is unknown at this juncture. The parties, however, anticipate that, at the conclusion of discovery, some

legal and/or factual issues may be agreed to. Defendant would object to the complaint being amended.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

   The Defendant does not consent to assignment to a magistrate judge for purposes of discovery or trial. The Plaintiff would agree to a magistrate judge for this case, if the court is inclined to so transfer it.

4. **Whether there is a realistic possibility of settling the case.**

   The parties believe that there may be some possibility of settling this case after some discovery, although not at this point, and will inform the court if the possibility of settlement becomes realistic at any time.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

   The parties do not believe that mediation is appropriate to consider in this case, prior to discovery.

6. **Whether the case can be resolved by summary judgment or motion to dismiss.**

   Plaintiff does not believe that this case can be disposed of by motion for summary judgment or motion to dismiss. Defendant believes that the case can be resolved after discovery by summary judgment.

   **Dates for filing dispositive motions and/or cross-motions, opposition, and replies.**

   **Dispositive motions**: 60 days after the close of all discovery.

      **Oppositions**: 21 days after service of dispositive motion.

      **Replies**: 11 days after service of opposition.

      **Proposed date for a decision on the motions.**

      60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

    The parties stipulate to dispense with the Fed. R. Civ. Pro. Rule 26(a)(1) disclosures.

8. **How long discovery should take.**

    The parties expect that fact discovery should be completed by July 15, 2007.

    **What limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions).**

    The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

    **Whether a protective order is appropriate.**

    The parties will agree to a reasonable protective order that limits the use of personnel information to this litigation prior to trial.

    **A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

    The parties agree that discovery should be completed by July 15, 2007.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

The parties agree that the Plaintiff will serve any expert witness report upon Defendant 60 days before the close of fact discovery, and that 45 days from service of Plaintiff's expert reports, defendant will serve any expert witness report upon Plaintiff.

**Whether and when depositions of experts should occur.**

45 days from service of the respective expert reports. Depositions of any experts will be completed by September 1, 2007.

10. **In class actions, appropriate procedures.**

    N/A.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation?**

    The parties agree that discovery should not be bifurcated. The Plaintiff believes that trial should not be bifurcated. The Defendant believes that the trial should be bifurcated between the merits and damages to avoid unnecessary expense and time on the issue of damages and prejudice in front of the jury.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    Defendant proposes that a date for a pretrial conference be set after the Court's decision on the dispositive motion. Plaintiff requests a pretrial conference date be set at the initial scheduling conference.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    Defendant proposed that the Court set a trial date at the pretrial conference. Plaintiff requests that a trial date be set at the initial scheduling conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

    The parties propose no other matters at this time.

    The Court is respectfully referred to the accompanying proposed Scheduling Order.

Dated: February 15, 2007          Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.

Washington, D.C. 20530
(202) 514-7153

OF COUNSEL
KATHARINE JOHNSON

Counsel for Defendant

                                        _____
MICHAEL P. DEEDS, D.C. Bar #466815
JAMES L. KESTELL, D.C. Bar #955310
KESTELL & ASSOCIATES
1012 14th Street, NW Ste 630
Washington, D.C. 20005
202 347-0990
fax 202 347-4482

Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing JOINT RULE 16.3 REPORT and the

accompanying order was filed via the Court's electronic filing system on February 15, 2007

and is expected to be served by the Court's electronic transmission facilities to:


Michael P. Deeds #466815
James L. Kestell #955310
KESTELL & ASSOCIATES
1012 14th Street, NW Ste 630
Washington, D.C. 20005
202 347-0990
fax 202 347-4482


                                              /S/
                                      ANDREA McBARNETTE
                                      Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REGINALD L. THOMAS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Civil Action No.  06-1862 (JDB) |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, SECRETARY | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>ORDER</u>**

Upon consideration of the parties' Rule 16.3(d) report, it this \_\_\_\_ day of

_____, 2007 hereby ORDERED that:

1) fact discovery is to be completed by July 15, 2007;

2) dispositive motions are due 60 days after the close of all discovery, oppositions are due 21 days after service of any dispositive motion, and replies are due 11 days after service of any opposition;

3) Plaintiff will serve any expert witness report upon defendant 60 days from close of fact discovery and Defendant will serve any expert witness report upon Plaintiff 45 days from service of Plaintiff's expert reports; and

4) depositions of any experts will occur 45 days from service of the respective expert report.  Depositions of any experts will be completed by September 1, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies:

ANDREA McBARNETTE
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Counsel for Defendant


MICHAEL P. DEEDS, D.C. Bar  #466815
JAMES L. KESTELL, D.C. Bar #955310
KESTELL & ASSOCIATES
1012 14th Street,NW Ste 630
Washington, D.C. 20005
202 347-0990
fax 202 347-4482

Counsel for the Plaintiff